Bertran WILSON, Plaintiff,

v.

Officer Alex THOMPSON, Defendant.

CASE NO. 14–81269–CIV–HURLEY

United States District Court,
S.D. Florida.

Signed 11/28/2016

Bertran Wilson, Chipley, FL, pro se.

Christy Michelle Runkles, Richard A. Giuffreda, Purdy, Jolly, Giuffreda & Barranco, P.A., Fort Lauderdale, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 84]

Daniel T. K. Hurley, United States District Judge

**THIS CAUSE** is before the Court upon Defendant's motion for summary judgment. While the parties have focused mainly on other issues, the determinative question is whether the Plaintiff, an adjudicated felon and state prisoner, complied with Section 1997e(a) of the Prison Litigation Reform Act by exhausting his administrative remedies before filing this law suit. Unfortunately, the answer is "no" and, consequently, the Court must grant Defendant's motion.

Plaintiff Bertram Wilson, convicted and adjudicated guilty of burglary while armed, petit theft, and resisting an officer without violence, was sentenced to twenty years in the Florida Department of Corrections. [DE 84, Ex. "A"]. Although not clear from the record, but apparently by a contractual agreement between the Florida Department of Corrections and the Sheriff of Palm Beach County, Mr. Wilson was confined at the Palm Beach County Jail. While there, he claims that he was purposefully assaulted and injured by Defendant Alex Thompson, a correctional officer. The details of the confrontation are taken from Plaintiff's sworn complaint [DE 1] and deposition testimony [DE 84, Ex. "B"] which are taken as true for the purposes of this motion.[1] *See Tipton v. Ber-*

---

1. Plaintiff's description of the confrontation with Officer Thompson is uncontradicted in the record. The Defendant did not to file an affidavit or deposition testimony regarding the altercation; nor did he submit evidence

*grohr GMBH–Siegen, Corp.*, 965 F.2d 994, 999 (11th Cir.1992) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").

On September 9, 2014, Officer Thompson, a member of the Corrections Emergency Response Team, searched Plaintiff's cell and removed certain toiletry items because the Plaintiff was on disciplinary confinement. Plaintiff Wilson demanded to know why the items were being removed and Officer Thompson directed him to stop talking. Mr. Wilson refused, insisting he had a right to speak. Officer Thompson responded by grabbing Mr. Wilson's shirt, slamming him onto his bunk, and saying that he had been wanting to do this. Mr. Wilson was in handcuffs at this point and Officer Thompson proceeded to punch and kick him. Mr. Wilson suffered a cut on his forehead and a split ear. Later, Officer Thompson stated, "I told you I was going to get you."

In accord with jail procedures, Mr. Wilson filed a timely grievance against Officer Thompson.[2] The investigating officer filed this response: "This incident was properly documented and submitted. I recommend that you follow all commands given to you by all deputies." Although the jail's grievance procedures permitted an appeal, Mr. Wilson did not avail himself of this process.

Plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983. The complaint asserts causes of action for excessive and unjusti-fied use of force and retaliation for having filed previous grievances against Officer Thompson. Defendant filed an answer asserting a general denial and the affirmative defense of failure to exhaust administrative remedies. Defendant then filed the instant motion for summary judgment asserting, among other things, that the Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

Pursuant to Section 1997e(a) of the Prison Litigation Reform Act (PLRA), a prisoner may not file a § 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). " '[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.' " *Bryant v. Rich*, 530 F.3d 1368, 1372–73 (11th Cir. 2008) (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005)). The PLRA requires "proper exhaustion", which means a prisoner must comply with the "critical procedural rules" governing the grievance process applicable to the prison. *Woodford v. Ngo*, 548 U.S. 81, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Although the PLRA "sets the exhaustion requirement, state law determines what steps are required to exhaust." *Dimanche v. Brown*, 783 F.3d 1204, 1207

---

from any other member of the Corrections Emergency Response Team.

**2.** The Palm Beach County Jail maintains the following administrative grievance procedure. Within seven days of an incident, an aggrieved prisoner may file a grievance. The jail provides a grievance form with space for writing in the nature of the grievance. An officer investigates the grievance and provides the inmate with a response within fifteen days. If dissatisfied with the investigating officer's conclusion, an inmate may file an appeal to the division commander within five days of obtaining the response to the initial grievance. The division commander then has seven days to respond to the appeal. If the inmate remains dissatisfied, he may file a second appeal to the major responsible for the division in question. [DE 84, Ex. "D"].

(11th Cir. 2015). The parties in this case have assumed that the grievance procedures established by the Sheriff of Palm Beach County are the applicable procedures that had to be satisfied to meet the PLRA's exhaustion requirement. Plaintiff, however, at the time of the incident, was a *state* prisoner albeit housed in a county jail. As such, he was entitled to the protections afforded by the Florida Administrative Code.[3] The mere fact that he was being confined in a county facility cannot operate to strip him of the protections afforded by Florida law. Thus, if it could be shown that the county jail's grievance procedures were more restrictive or provided less due process than those contained in Chapter 33–103 of the Florida Administrative Code, one might argue that the PLRA's bar could not be invoked. This case, however, involves the right—or the failure to exercise the right—to lodge a first-level appeal within the correctional facility. At this level, the state's and the county's procedures are virtually identical, and thus compliance with the county jail's appeal process is required by the PLRA.

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock,* 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). As indicated, the Defendant pled the affirmative defense and raised it again in his motion for summary judgment. Inexplicably, the Defendant failed to offer any admissible evidence to sustain his contention. For example, there is no affidavit from the officer who would have entertained an appeal from the denial of Plaintiff s grievance. The void in the record, however, was inadvertently filled by the Plaintiff who, in his response to the

motion for summary judgment, made this admission: "Plaintiff failed to go forward in the appeal process because the Plaintiff was transported back to the Department of Corrections so the Plaintiff couldn't exhaust the administrative remedies." [DE 89]. The Court need not reach the issue whether movement from one correctional facility to another would toll the time or fully excuse compliance with existing administrative procedures because the record shows that Mr. Wilson continued to reside at the Palm Beach County Jail well beyond the five-day period for filing an appeal. Following the September 9, 2014 confrontation giving rise to this case, Mr. Wilson filed ten additional grievances in the Palm Beach County Jail, the last of which is dated "February 18, 2015." [DE 84, Ex. "E"]. Thus he had ample time to file an appeal in accord with the county jail's grievance procedures.

Inasmuch as the record conclusively demonstrates that Plaintiff failed to exhaust his available administrative procedures, it is

**ORDERED and ADJUDGED** that Defendant's motion for summary judgment is **GRANTED.**

---

**3.** Chapter 33–103 of the Florida Administrative Code sets forth procedures for inmate grievances. "In Florida, a prisoner must: (1) file an informal grievance with a designated prison staff member; (2) file a formal grievance with the institution's warden; and then (3) submit an appeal to the Secretary of the [Florida Department of Corrections]." *Dimanche, supra* at 1211.